# WHEELING.

STEENROD'S ADM'R *v.* W. P. & B. R. R. Co.

Submitted June 6, 1884.—Decided November 22, 1884.

1. An appeal from a final decree by a party entitled to appeal therefrom brings with it for review all the preceding interlocutory decrees, out of which any of the errors complained of in such final decree have arisen. (p. 134.)

2. An appeal may be taken from an interlocutory order overruling a demurrer, by which the principles of the cause are adjudicated, but not until after a decree has been entered carrying those principles into effect. (p. 135.)

3 If, however, in such case the appellant complains not only of the error committed in such interlocutory order, but also of errors in the subsequent decrees, independent of those resulting merely from giving effect to such erroneous order, he can not appeal from such order unless he is also in a condition to appeal from such subsequent decrees. (p. 135.)

4. Where a defendant in a chancery suit appears and demurs to the bill and his demurrer is overruled and a rule is given him to answer which he fails to do, and thereafter a decree is entered in the cause granting the relief prayed for in the bill, and such defendant obtains an appeal to this Court from said decree without having moved in the court, which rendered it, to have the errors complained of corrected and assigns and complains of errors in said decree other than those resulting from the overruling of his demurrer. HELD:

> This is a decree on a bill taken for confessed and this Court will not entertain the appeal but will dismiss the same as having been improvidently awarded. (p. 136.)

The facts of the case are set out in the opinion of the Court.

*H. M. Russell* and *D. Lamb* for appellant.

*Caldwell & Caldwell* for appellee.

SNYDER, JUDGE :

Suit in equity brought January 29, 1880 in the circuit court of Ohio county by Peter W. Bosley, administrator,

with the will annexed of Daniel Steenrod, deceased, against the Wheeling, Pittsburg and Baltimore Railroad Company and the heirs at law of said Steenrod, to enforce the specific ex· cution of a contract between the Hempfield Railroad Company and the plaintiff's testator for the sale of a strip of land taken by the former for the use of its road through the lands of the latter and for the damages to the residue of the tract arising from the construction of said road over the said lands, which said road is now the property and in the possession of the Wheeling, Pittsburgh and Baltimore Railroad Company as the successor of the Hempfield Railroad Company which long since became insolvent and has ceased to exist.

The defendant, the Wheeling, Pittsburg and Baltimore Railroad Company filed a general demurrer in writing to the plaintiff's bill and on December 10, 1883, the court entered an order overruling the demurrer, stating therein that the cause assigned for said demurrer was that the suit should have been brought by the heirs of the said Steenrod and not his administrator. Subsequently, on January 9, 1884, the said company having failed to answer the bill as required by a rule awarded against it upon the overruling of its demurrer, the court entered a decree granting the relief prayed for by the bill and ordering the sale of the strip of land taken and used as aforesaid; and from this decree the said Wheeling, Pittsburgh and Baltimore Railroad Company obtained the present appeal.

In *Beard* v. *Arbuckle*. 13 W. Va. 732, it is stated that "The petitioner for an appeal, supersedeas or writ of error ought to indicate to the court in his petition with distinctness to what decrees or judgment he prays for an appeal, supersedeas or writ of error, as the case may be;" and the attention of counsel is therein called to this rule and its observance specially requested.

The intelligence of the counsel who prepared the petition for the appeal in this case, and their well known habit of observing strictly the rules of practice in this Court, leave no doubt on my mind that in the preparation of the petition in this case they did not overlook said rule but that they intended just what they did; that is, to ask for an appeal from the decree of January 9, 1884, and not from the order of

December 10, 1883, overruling the demurrer to the bill. If the said decree is appealable then the appeal from it necessarily brings up for review the interlocutory order of December 10, 1883; but if said decree is not appealable, then, of course, it could not have any effect on the said order. *Camden* v. *Haymond*, 9 W. Va. 681.

According to our statute an appeal will lie in any case in chancery wherein there is a decree or order "adjudicating the principles of the cause."—Acts 1882, chapter 157, section 1, page 505. And in such case it is immaterial whether or not such is technically a final decree or order—*Core* v. *Strickler*, 24 W. Va. 694. Thus where a demurrer to a bill is overruled by an interlocutory order, which settles the principles of the cause, the demurrant may appeal from such order alone, but not until after a decree has been entered carrying into effect the principles thus adjudicated by such order overruling the demurrer. The reason for denying an appeal from such order without waiting for the final decree is, to prevent the inconvenience and expense of successive appeals in the same cause. The same court has the power, before the final decree, to correct any error it may have committed and thus remove the cause for an appeal, or it may commit other and additional errors in the subsequent orders and decrees entered in the cause which the party prejudiced thereby may desire to have reviewed. It is, therefore, proper and right that the law denying appeals from interlocutory orders, even though such orders may settle the principles of the cause, until after those principles have been enforced by a final decree, should be strictly adhered to and observed as a rule of convenience as well as a matter of safety and justice to the parties litigant.—*Laidley* v. *Kline*, 21 W. Va. 21.

If after the final decree the party prejudiced by such interlocutory order has no complaint except such as resulted directly from such order, he may appeal from such order although he is not in a condition to appeal from the final decree which carries into effect the principles adjudicated by such order. But if he complains not only of the error committed in such order, but also of errors in the subsequent decree, independent of those resulting merely from giving effect to such erroneous order, then he cannot appeal from

such order unless he is also in a condition to appeal from the final decree; because to allow him to do so would be to permit him to appeal a cause in which the court would have jurisdiction to pass upon only a part of the errors of which the appellant complains.  The effect of this would be either to deprive the appellant of the right to have a part of the errors complained of reviewed, or to compel the appellate court to pass upon the errors in the interlocutory order and remand the cause in order that the appellant might put himself in a position to appeal from the final decree and then entertain a second appeal for the review of the said decree. Such a practice could not be sustained upon any principle of law, reason, justice or expediency and has never been, so far as I can discover, by any court.

In the cause before us the appellant complains of errors in the order of December 10, 1883, and also in the decree of January 9, 1884, and, therefore, if it is not in a situation to appeal from the said decree of January 9, 1884, from which it has, in fact, appealed, we cannot, under the rule just announced, review said decree or said order, and could not have entertained the appeal, if it had been taken from said order alone.    If an appeal lies in this cause at all at present it must be from the decree of January 9, 1884, as prayed for in the petition of the appellant.  This brings us to the important inquiry, is the appellant in a situation to appeal from said decree?

Our statute provides, that "the court, in which there is a judgment by default, or a decree on a bill taken for confessed," may, "on motion, reverse such judgment or decree, for any error for which an appellate court might reverse it, if the following section was not enacted, and give such judgment or decree as ought to be given."—Code, chapter 134 section 5.    And the following section therein referred to— section 6—declares that, "no appeal, writ of error, or supersedeas, shall be allowed or entertained by an appellate court or judge for any matter for which a judgment or decree is liable to be reversed or amended, on motion as aforesaid by the court which rendered it, * * * until such motion is made and overruled in whole or in part."

This statute is mandatory in its terms; and not only so,

but it is remedial in its object and purpose.   It was obviously intended to remedy the. evil in the former practice of the courts which compelled parties prejudiced by errors in judgments or decrees of interior courts, rendered in their absence and without contest or resistence—often mere inadvertencies—to incur the expense and delay of an appeal or writ of error to an appellate court for the correction of such errors.   The statute must, therefore, under the well settled rule, be construed liberally in order to advance the remedy intended to be given by it and to. suppress the evil intended to be avoided by it.

The language of the statute is too direct and positive to admit of construction.   The plain import and object of its terms are to require all applications for the correction of errors in decrees rendered " on bills taken for confessed" to be made to the courts which rendered such decrees, and to prohibit the appellate court from allowing, or *entertaining* any appeal from such decrees until such application has been first made and overruled by such court.   This statute has been often considered by the appellate courts of Virginia and of this State, but nearly all the cases, so far as I have discovered, relate to that part of it which refers to judgments by default.   In those cases it seems that if the record merely shows an appearance by the party complaining, the judgment will not be treated as being by default, although he may neither demur or plead, or it may appear that he withdrew all his pleas and defences.   *Compton* v. *Cline*, 5 Grat. 137; *Richardson* v. *Jones*, 12 *Id.* 53; *Stringer* v. *Anderson*, 23 W. Va. 482; *Golsby* v. *Strother*, 21 Grat. 107.

The language of the statute in regard to equity cases is essentially different from that in reference to actions at law. Any appearance by the defendant in the latter case prevents the judgment from being by default.   The very word " default" means non-appearance.—Bouv. L. Dic.—*Default.*   But a bill may be taken for confessed after appearance.   The mere appearance of the defendant, certainly does not prevent the bill from being taken for confessed.   Technically a bill heard without plea or answer is a hearing on bill taken for confessed and a decree rendered in such case is " a decree on bill taken for confessed."   In a case recently decided by
18

this Court, the defendants appeared and answered the bill, but subsequently and before the hearing some of them withdrew their answers and brought the case before this Court, and we held, that the decree as to the defendants who had withdrawn their answers, was a decree on bill taken for confessed and that they were not in a position to appeal. *Bock* v. *Bock*, 24 W. Va. 586; *Hunter* v. *Kennedy*, 20 Id. 343.

In the cause under consideration, at the rules and on the first hearing, the bill was taken for confessed as to the appellant; subsequently it demurred to the bill, the demurrer was overruled and a rule given it to answer within a fixed time; it failed to answer and after the prescribed time the court entered the decree of January 9, 1884, which is the one appealed from to this Court. The question, then, presented is, did the demurrer operate to take the said decree out of the class of decrees described in the statute as decrees on bill taken for confessed?

It seems to me an affirmative answer to this question would be plainly in conflict with the very terms and mandate of the statute. The demurrer was an affirmative admission of the allegations of the bill. It was of itself a confession that, if the facts alleged in the bill entitled the plaintiff in law and equity to the relief prayed for then such relief may be given. In order to avoid the effect of this admission it was imperative that a plea or answer denying or avoiding those allegations should be filed upon the overruling of the demurrer or before a decree on the merits is entered. When the demurrer is overruled the bill stands, in the court overruling it, precisely as if no demurrer had been entered and the subsequent decrees are necessarily on the bill taken for confessed as it originally stood at rules and on the order entered before the demurrer was filed and overruled.

For these reasons I am of opinion that the decree of January 8, 1884 was a decree on bill taken for confessed, and the appellant, having made no motion for its correction in the circuit court, is not entitled to have its appeal entertained by this Court. I announce this conclusion with less regret than I might have otherwise felt, from the fact that, before looking into the question of jurisdiction I had carefully considered the errors assigned by the appellant and the argu-

ments of counsel submitted in support of and against them, and had reached the conclusion that there was no such error in the order and decree complained of as would entitle the appellant to a reversal of them or either of them.   Of course, this intimation of my conclusion as to the merits is simply my own opinion and not that of the Court, the other members having given that matter no investigation and as to it express no opinion.

The appeal must, therefore, be dismissed as having been improvidently awarded.

DISMISSED.