## CHARLESTON.

McGraw v. Roller.

Submitted January 23, 1903.   Decided April 4, 1903.

1. Jurisdiction—*Judgment—Res Adjudicata.*
    If this Court take jurisdiction of a judgment and affirm it, the plaintiff in error cannot afterwards in any proceeding question such jurisdiction as it is *res adjudicata* as to him.   (p. 78).

2. Judgment—*Error.*
    A motion by the defendant to correct a judgment for errors apparent on the face of the record comes too late after such judgment on writ of error obtained by him has been affirmeu by this Court without reservation, or unconditionally.   (p. 79).

Error to Circuit Court, Webster County.

Action by J. T. McGraw against J. E. Roller. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

W. S. Laidley and John E. Roller, for plaintiff in error.

Jake Fisher and John T. McGraw, for defendant in error.

Dent, Judge:

For the second time John E. Roller seeks the aid of this Court to avoid a judgment against him in favor of John T. McGraw rendered by the circuit court of Webster County. The judgment formerly before this Court is here repeated, to-wit:

"This day came the plaintiff by Jake Fisher, his attorney, and the defendant by H. C. Thurmond, his attorney, appeared spec-

ially for the purpose of having the writ quashed, and thereupon the defendant, by his said attorney moved the court to quash the writ herein for reason stated in his special plea, and the said defendant tendered his special plea in writing setting out the matters aforesaid, to the filing of which the plaintiff objected, which objection being considered by the court, is sustained, and the special plea is refused, and the motion aforesaid overruled, to which ruling of the court the defendant, by his attorney, excepted.

"Whereupon, the said defendant was solemnly called, but came not. And the court finds for the plaintiff. Thereupon, it is considered by the court, that the plaintiff recover of the defendant $837.42, with interest from this date, and his costs."

The judgment was affirmed. 47 W. Va. 650.

Roller then made a motion in the circuit court to set aside the judgment for errors of law apparent on the face of the record. On the 5th day of August, 1901, the circuit court entered an order overruling his motion and dismissing his petition, for the reason that the affirmance of the judgment of this Court precluded any further investigation into errors of law committed prior thereto.

Roller, now duly repentant that he obtained the former writ of error, insists that both the court and counsel on both sides overlooked the fact that this Court was without jurisdiction to entertain such writ, but that the same should have been dismissed as improvidently awarded, and that the court having assumed jurisdiction thereof in face of the statute forbidding it, the judgment of affirmation is a nullity and not binding on this or the circuit court, and should be so treated.

The statute referred to in section 6, chapter 134, Code, which provides that "No writ of error or *supersedeas* shall be allowed or entertained by an appellate court for any matter for which a judgment is liable to be reversed on motion by the court which rendered the judgment, until such motion be made and overruled in whole or in part."

Roller insists further that the judgment was by default and came under the provisions of this section. An inspection of the judgment, however, shows that it was not wholly by default, as the defendant appeared specially, and presented his motion to quash and plea in abatement, and obtained from the court an

adjudication thereon, which was reviewed by this Court whenever a final judgment was entered. As to this adjudication, the final judgment could never be treated as one by default, but must be regarded as one finally adjudicating the questions presented by the defendant by his special appearance. Such adjudication was inspected by this Court at the instance of the defendant, nor was it necessary to make any further motion with regard thereto before obtaining his writ of error to this Court. Hence, the writ of error was proper as to such adjudication. The case then being properly before this Court on finding that the circuit court had committed no error as to the matter adjudicated it could not do otherwise than to affirm the judgment at least to this extent, and it would have been improper to have dismissed the writ of error as improvidently awarded. The judgment of affirmation therefore cannot be treated as a nullity. It was my impression, however, that it could be regarded except as to the matters adjudicated by the court below as a mere affirmative of a judgment by default, and that it would not preclude the defendant from making a motion to set aside or correct for errors of law in the trial court, but that the parties were left in precisely the same position and with the same remedies as though no writ of error had ever been granted. 3 Cyc. 423.

Our authorities lead to a different conclusion. The statute relied on was made for the protection of appellate courts by compelling litigants to first present their matters for adjudication to the lower courts without flooding the higher courts with unlitigated questions of fact and law. It applies strictly to judgments by default, and to all such questions and clerical errors as have not been matters of litigation and adjudication before the lower court. To any material question arising during the progress of litigation and adjudicated by the court, the statute does not apply, although a writ of error does not lie until after final judgment, but as to such adjudication does lie, although such final judgment is entered up by default. As when a final judgment is entered up by default after demurrer to a declaration or bill has been overruled. *Watson* v. *Wigginton*, 28 W. Va. 533, 549. The defendant is not bound to apply for a writ of error as to such preliminary adjudications until he has made a motion to set aside such judgment by default for

other errors. He may make such motion first, and have the advantage of both adjudications, and should do so if he wishes to avail himself thereof. *Steenrod* v. *Railroad Co., 25* W. Va. 133. If, however, he takes his writ of error without first making such motion, it is his duty if he relies thereon to present to the appellate court all errors apparent on the face of the record, whether litigated in the lower court or not, for the reasons that the appellate court having the whole record before it may reverse for error apparent on the face thereof without regard to the assignments of error, that justice may be done between the parties and litigation be ended or may reserve the right to litigate such questions in the lower court. Having jurisdiction to begin to review, the appellate court may continue to the end thereof, notwithstanding the statute, or the appellant may be deemed to have waived all legal errors by permitting the judgment to be affirmed without reservation or objection. This was settled in *Newman* v *Mollohan,* 10 W. Va. 489, which was a much stronger case in favor of the appellant than the present one, for the reason the appellant in that case had not been summoned to appear in the lower court. *Newman* v *Mollohan* has been cited and approved in these cases: *Blowpipe Co.* v. *Spencer,* 46 W. Va. 590; *Ferguson* v. *Millinder,* 32 W. Va. 32; *Renick* v. *Ludington,* 20 W. Va. 537. On page 537 of the last case, Judge Green says: "It may be regarded as well settled that if an appellate court has ever so erroneously decided, that it has jurisdiction of a cause, and then proceeds to determine it on its merits, the parties to the cause are bound as *res adjudicata* by the decision of the court, that it has jurisdiction as well as by the decision of the court on its merits." Continuing on page 538, he says, "It is true, that in these cases the court of appeals had no jurisdiction of the causes, and took jurisdiction of them erroneously, not because the appellants were not proper parties to the cause, but because the Court itself had no jurisdiction to make any decree in such a cause as was presented. But by taking the jurisdiction and rendering the decree, however thoughtlessly it might have been done, they necessarily decided that they had jurisdiction, and all the parties to the cause were bound as well as the court itself by this implied decision that the court had jurisdiction; it being held that this

decision implying that the court had jurisdiction was *res adjudicata."* This language would seem to settle this case, even though, as the appellant insists, the court assumed, at his instance, a jurisdiction it did not possess. But as we have seen, it did have jurisdiction at least to the extent of the litigation in the lower court, and having such jurisdiction without objection by the appellant it affirmed the judgment of the lower court without reservation. The question of its jurisdiction and the errors sought to be corrected by the appellant on motion have by such affirmation become *res adjudicata,* and can no longer be inquired into in this or the circuit court. In the light of the authorities the judgment complained of is right and is affirmed.

*Affirmed.*