# CHARLESTON.

## BANK *v.* RALPHSNYDER.

Submitted June 4, 1903—Decided November 28, 1903.

| 54 | 231 |
| f64 | 447 |

| 54 | 231 |
| 66 | 672 |

1. JUDGMENT—*Demurrer—Error.*

   A judgment, rendered after a demurrer has been filed by the defendant and overruled, is not one by default, and a motion to correct, for judicial error, made after the close of the term at which judgment was rendered, is properly overruled. (p. 233).

2. JUDGMENT.

   Though such motion cannot be entertained, a writ of error to the judgment may be allowed. (p. 236).

3. JUDGMENT.

   In declaring upon a written instrument, it is sufficient to set forth the promise or obligation according to its legal effect. (p. 236).

4. AMENDMENT—*Declaration.*

   When, upon the amendment of a declaration at bar, the defendant is allowed four days, on his own motion, in which to plead, he cannot complain of the brevity of time allowed, especially, if, in fact, about twenty months thereafter elapsed before judgment was rendered against him. (p. 237).

5. DEMURRER—*Amendment—Continuance.*

   Where a defendant, after the overruling of his demurrer, has failed for such length of time to plead, had two continuances, and merely procures the filing of affidavits showing illness

and necessary absence, without pleading, or, in any way, disclosing a defense, and without making a formal motion for a continuance, there is no error in failing to continue the case and rendering judgment.   (p. 238).

6. CONTINUANCE—*Judgment.*

Application for continuances are addressed to the discretion of the trial court, and a judgment will not be reversed for the refusal of a continuance, when it appears that the defendant has unreasonably delayed the disclosure of any defense, and sets up none at the time of the motion, and the facts and circumstances are such as may have satisfied the court that he is merely seeking delay. (p. 239).

7. SURPRISE—*Judgment—Error.*

Surprise grounded upon accident, mistake or violation of agreement, not brought to the attention of the trial court before the adjournment of the term at which a judgment, after an appearance, was rendered, cannot be relied upon or noticed in the appellate court. (p. 240).

Error to Circuit Court, Monongalia County.

Action by the Second National Bank of Morgantown against Alpha Ralphsnyder and others.   Judgment for plaintiff, and defendants bring error.

*Affirmed.*

C. M. RALPHSNYDER and T. N. PARKS, for plaintiffs in error.

Cox & BAXTER for defendant in error.

POFFENBARGER, JUDGE:

On the 30th day of April, 1900, The Second National Bank of Morgantown instituted an action of debt in the circuit court of Monongalia County against Alpha Ralphsnyder, George M. Ralphsnyder, I. C. Ralphsnyder, W. M. Ralphsnyder and N. B. Cox for the recovercry of the sum of $625.00 upon the joint and several promissory note executed to said bank by the said defendants, bearing date September 16. 1899, and payable in one hundred and eighty days from the date thereof.   At the next rules, the declaration was filed and the common order entered, and at June rules, the defendants, by counsel, appeared and filed a demurrer to the declaration.   On the 16th day of June, 1900, the plaintiff as well as the defendants appeared in court and there was a joinder in the demurrer to the declaration and each count

thereof. Then, on motion of·the plaintiff, the declaration was
amended at bar by the insertion of the word "note" which had
been inadvertently omitted from one clause of the declaration.
Thereupon the demurrer was renewed and the court overruled it.
Then, on motion of the defendants, leave was granted them un-
til the following Wednesday in which to plead. The next order
was made on June 24, 1901, showing merely a continuance by
consent. On the 11th day of October, 1901, the case was again
continued on the application of the defendants and at their costs.
On the 20th day of February, 1902, a judgment was rendered
for the sum of $698.87. Prior to the rendition of the judgment,
however, the affidavits of Mack Roby, I. C. Ralphsnyder and
George M. Ralphsnyder, purporting to show grounds for con-
tinuance, were filed, and the order so shows, but it does not show
any motion for the continuance. Nor does it show an appearance
or the filing of any plea at that time. No plea was ever filed
at any time. The order giving judgment recites that "The de-
fendants being solemnly called came not to require a jury and
the plaintiff requiring none, the plaintiff proved its case in open
court." Nothing further was done at that term. On the 6th day
of May, following, an execution was issued, and on the 3rd day of
June, 1902, an order was made in vacation staying the execution
for the hearing of a motion to quash it. On the 14th day of
June, 1902, the motion was heard and overruled, and on the 16th
day of the same month a motion was made to set aside the judg-
ment and grant a new trial for several reasons set forth in the
notice. The motion was supported by several affidavits setting
forth alleged grounds of defense to the action, but on the 20th
day of the same month, the motion was overruled. To the rul-
ings of the court on motion to set aside the judgment exceptions
were taken and duly embodied in bills of exception which were
made part of the record, and on the 16th day of July, 1902, a
writ of error was awarded by a judge of this Court.

The motion to set aside the judgment and grant a new trial,
made long after the close of the term at which the judgment
was rendered, was properly overruled. That judgment was not
one by default in which a judicial error might be corrected upon
motion under section 5 of chapter 134 of the Code, as there had
been an appearance by all the defendants. A judgment in a case
in which there has been an appearance is not a judgment by de-

fault. *Holliday* v. *Myers*, 11 W. Va. 276; *Carlon's Admr.* v. *Ruffner*, 12 W. Va. 297; *Smith* v. *Knight*, 14 W. Va. 749; *Compton* v. *Kline* 5 Grat. 137; *Richardson* v. *Jones*, 12 Grat. 53; *Goldsby* v. *Strother*, 21 Grat. 107; *Stringer* v. *Anderson*, 23 W. Va. 482. In *Holliday* v. *Myers, supra,* the defendant appeared and plead to the action and then voluntarily withdrew their plea and suffered plaintiffs to prove their cause of action. Their mere appearance was held sufficient to make the judgment one rendered upon proof of the cause of action and not a judgment either by default or by confession within the meaning of the statute. This view of the judgment in this case is strengthened by the recital in the order that the plaintiff proved its case in open court. If not strictly within the definition of a judgment of *nil dicit,* it very closely resembles such a judgment which is defined to be one rendered against a defendant who fails to put in a plea or answer to plaintiff's declaration by the day assigned. Bouv. L. Dic.; Black on Judg. section 79; 21 Am. & Eng. Enc. Law, (2 Ed.) 541; *Stewart* v. *Goods*, 29 Ala. 476. In *Story* v. *Nichols*, 22 Tex. 87, the court said: "A judgment by *nil dicit* is held by this court to possess a stronger implication in favor of the plaintiff's claim than an ordinary judgment by default; it is regarded as partaking of the nature of a judgment by confession as well as by default." Under our decisions, it would hardly be regarded as a judgment by confession. A judgment by default it could not be because of the appearance. It is probably more than a judgment by *nil dicit* because it is a judgment upon proof as well as upon the failure of the defendants to say anything against the entry of the judgment. At any rate, it is a final judgment.

In chancery causes, the rule is different. After the overruling of a demurrer and expiration of a rule to answer, a decree entered is appealable only as to matters settled by the demurrer, and is by confession as to errors committed in respect to matters subsequent to the demurrer. *Watson* v. *Wigginton*, 28 W. Va. 533. This rule does not apply to actions at law. "The language of the statute in regard to equity cases is essentially different from that in reference to actions at law. Any appearance of the defendant in the latter case prevents the judgment from being by default." *Steenrod* v. *Railroad Co.*, 25 W. Va. 133, 137; *McGraw* v. *Roller*, 53 W. Va. 75 (44 S. E. 248).

Such being the character of the judgment, a long line of de-

cisions hold that after the adjournment of the term at which it was rendered, the court has no power or authority to disturb, alter or set it aside, except to a very limited extent authorized by the statute. *Green* v. *Railway,* 11 W. Va. 686; *Rule* v. *Rule,* 24 W. Va. 279; *Crim* v. *Davisson,* 6 W. Va. 465; *Hall* v. *Bank,* 15 W. Va. 328; *Morgan* v. *Railway Co.,* 39 W. Va. 17; 1 Freeman on Judg., section 696; 7 Rob. Pr., New. 127. Section 1 of chapter 134 of the Code provides that, on motion after reasonable notice, the court or the judge in vacation may reverse or correct a judgment or decree for any clerical error or error in fact for which the judgment or decree may be reversed or corrected on writ of error *coram nobis.* Certain corrections of clerical mistakes may also be made under section 5 of the same chapter. But the error complained of here, if any, is one of law, not of fact, and is judicial, not clerical, as appears from the grounds for the motion as set forth in the notice, namely, that there was a just defense to the action as shown by the affidavit filed at the time judgment was rendered; that upon the affidavits filed, a continuance should have been allowed; that the judgment is for more than the defendants owe; that the court allowed interest after tender of the amount due; that the note was not due at the time suit was brought; that defendants' counsel, a non-resident attorney, had no notice of the bar meeting at which it had been determined to set the case for trial; and that the judgment was a surprise. At the time the judgment was rendered there was no plea denying the amount called for by the note or any part of it, nor setting up any tender nor showing any reason why the amount was not due as by the terms of the note itself it appeared to be. The note bearing date September 16, 1899, was payable one hundred and eighty days after date, and the suit was brought more than seven months after the date of the note. The whole case made upon this notice is, in substance, a complaint against the action of the court in refusing a continuance. Whether, upon the showing made, the defendants were entitled to a continuance, was a question of law and, if, in disposing of it, the court erred, that error having been carried into a final judgment, not upon default, and the term having closed, the motion to set aside or reverse for that error came too late.

If, however, the court erred in that respect or in overruling the demurrer, relief may now be had upon the writ of error, disre-

garding all the proceedings in the court below upon the motion for a new trial. Ordinarily, where there is a judgment by default or after trial by jury, proceedings for error will not be entertained by this Court until after a motion has been made in the court below to set the judgment aside, and there can be no good reason why the same rule should not apply in the case of a judgment such as we have here. Of course the rule, if so applied, would cut off proceedings for error in such cases. But why should a writ of error be entertained in such case? Having come into court and demurred, the defendant refuses to do more. He refuses to plead or make any defense and allows judgment to go without even so much as a motion made in proper time to set it aside. Why should not such negligence or obstinacy justly preclude him from further consideration by the court? But the rule seems to be that if error be committed in passing upon the pleadings and other matters substantially distinct from the trial itself, a writ of error may be maintained notwithstanding no motion has been made in the trial court to set aside the judgment. Thus, in *State* v. *Thompson,* 26 W. Va. 149, while the failure of the State to object to the overruling of its motion for a new trial prevented a reversal of the judgment for error committed in the trial, the court passed upon the motion to quash the indictment. In *Proudfoot* v. *Clevenger* 33 W. Va. 267, a writ of error to a judgment rendered upon a demurrer to evidence was entertained, although no motion to set aside the judgment had been made in the trial court. Here the errors complained of relate to the sufficiency of the declaration and the propriety of the action of the court in refusing a continuance and not to rulings made during the course of the trial. They are such, therefore, as may be considered in the present state of the case.

All that is urged against the declaration on demurrer is that it alleges that "The defendants and each of them" promised to pay etc., while the note reads, "We or either of us jointly and severally promise" etc., and the omission of the formal words, "For this, to-wit, that heretofore," usually found in the declaration. It is sufficient to set forth the instrument sued upon according to its legal effect. I Chit. on Pl. 305, 367. This is a joint and several note and, therefore, binds the defendants and each of them, and that is the exact language in which the promise is alleged. This criticism of the declaration is, therefore, wholly groundless.

It is useless to inquire as to whether the omission of the words, "For this, to-wit, that heretofore," in the first count renders the decalartion bad because, in the second count, which is sufficient, these words are inserted. For these reasons, the demurrer was properly overruled.

The next complaint is that only four days were allowed the defendants in which to plead. Of this they cannot complain for the simple reason that it was granted upon their own motion as shown by the order, and, if error was thereby committed, it was induced by the defendants themselves. A party will not be heard to complain of an error which he has invited or induced by his own conduct. 3 Cyc. 242. If this were not a sufficient answer it could be further said that the plaintiffs in error have not been prejudiced by the shortness of the time allowed by the order, for they had from the date of that order, June 16, 1900, until the 20th day of February, 1902, a period of one year and eight months, in which they could have filed their plea if they had desired to do so. About one year after the overruling of the demurrer a continuance was had by consent, from which it appears that neither the court nor the plaintiff unduly urged these defendants to trial. Nearly four months after that, they obtained another continuance upon their own motion and still no plea was filed. Under the statute, they are only entiled to one month in which to plead. Code, chapter 125, section 5.

In the brief it is insisted that the demurrer stands legally as if it had not been passed upon by the court for the reason that, at the time it was overruled, the judge of the court was ill and not in attendance and Hon. John W. Mason was sitting as judge in his place, and between the date of the overruling of the demurrer and the day on which the defendants were required to plead, the regular judge died. Whether the orders were signed up from day to day is not stated, but it is said that the special judge had no authority to sign the records of the previous day after the death of the regular judge. None of these facts appear in the record, but, if they did, it does not follow that the demurrer is not overruled. The rendition of judgment, in legal effect, overruled the demurrer. *State* v. *Hall,* 40 W. Va. 455; *Fleming* v. *Oil Co.,* 37 W. Va. 645; *Hood* v. *Maxwell,* 1 W. Va. 219.

Did the court err in refusing a continuance? The record shows no formal motion for a continuance. It discloses nothing

that might be considered a request for a continuance except the affidavits filed, in one of which the affiant, George M. Ralphsnyder, attorney for the defendants, "asked the court to continue said suit until the next term of the circuit court for said Monongalia County." The letter transmitting the affidavits to Joseph Moreland simply requested him to have the case continued for the term. He was not an attorney in the case and had no authority to file any plea or to do anything other than procure a continuance. These affidavits merely set forth the serious illness of the defendant, Alpha Ralphsnyder and the necessity for the attendance of his sons I. C. Ralphsnyder and George M. Ralphsnyder at his bedside. The only representation as to any defense is found in the affidavit of I. C. Ralphsnyder which says on that point merely "That the defendants have a proper defense to said suit." These affidavits set forth the materiality of the testimony of the absent parties and the impossibility of proving the same facts by any other witness, and, had they shown any effort at all on their part to prepare a defense to the action, the court below would, no doubt, have granted a continuance. But there had been long delay and the record fails to show in any formal or legal way that they had, or claimed to have, any defense. Not only had the case stood for nearly two years without the entry of any plea or any indication upon the record that there was any defense to the action, but the record shows that, at the time judgment was rendered, nobody appeared, for the order recites that the defendants, being solemnly called, came not. But the affidavits which had been tendered upon the preceding day were filed by the defendants. This is rather contradictory for it is difficult to say how defendants could be both in and out of court at the same time. It probably means that the affidavits were sent to Mr. Moreland to be filed by him for the defendants but that he had no authority to do anything else. In other words, that he had no authority to file a plea and set up any defense to the action. From the papers filed on the motion for a new trial, this appears to have been the true situation. In passing upon the motion for a continuance, the trial court, no doubt, considered the long continued failure of the defendants to disclose any defense, as well as the absence of anybody at that time to make such disclosure, and came to the conclusion that the defendants were making no effort to prepare for trial, but, on

the contrary, were seeking delay. Where the court is satisfied that a party is merely fighting off the trial instead of preparing for it, refusal of a continuance is held to be proper. "Applications for continuances are addressed to the discretion of the court, and much must be left to the tribunal which has the parties before it; and it must determine, from a variety of circumstances occurring in its presence, whether applications for continuance are made in good faith, or are merely intended to protract the controversy, and, even when made in good faith, a reasonable degree of diligence should be exacted." *Fiott* v. *Commonwealth,* 12 Grat. 576. "Where the circumstances satisfy the court that the real purpose in moving for a continuance is to delay or evade a trial and not to prepare for it, then though the witnesses have been summoned, and the party has sworn to their materiality, and that he cannot safely go to trial without them, the continuance should be refused." *Hewitt* v. *Commonwealth,* 17 Grat. 627. To the same effect, see *Mendum* v. *Commonwealth,* 6 Rand. 704; *Harris* v. *Harris,* 2 Leigh 584; *Marmet Co.* v. *Archibald,* 37 W. Va. 778. That the failure of the defendants did not consist of mere want of diligence in procuring the attendance of witnesses is not overlooked. The persons whose absence was necessitated by the illness of Alpha Ralphsnyder were defendants. Being parties, there was no necessity for process to bring them into court as witnesses. The summons commencing the action brought them in for all purposes, and the affidavits may have sufficiently accounted for their absence. Nevertheless, the defendants were in default. They had failed to put upon the record as evidence of their good faith that they had any defense to the action and had persisted in withholding their defense to a point which justified a conclusion on the part of the court that they had no defense and were merely resorting to pretexts and subterfuges to prevent the entry of judgment against them. In *Logie* v. *Black,* 24 W. Va. 2, 21, Judge Green says: "It may be regarded as settled law in Virginia and in this State, that where a party has obtained one or more continuances at prior terms of the court, and the court in the exercise of its discretion refuses to again continue his case, even when he has apparently brought himself within the general rule, which ordinarily entitles a party to a continuance, the appellate court will not reverse such case because of the refusal of the circuit court to grant

such continuance, unless the party complaining makes out a very strong case, and the appellate court sees, that the party has suffered from an abuse by the circuit court of its legal discretion. Some appellate courts have gone further than ours and have held, that they would not review the exercise of such discretion by the inferior court, whose opportunities of exercising its discretion in such case must greatly exceed that of the appellate court. We have however determined that the exercise of such discretion is reviewable; but under such circumstances the leaning of the court will be strong to support the action of the circuit court."

Under the circumtances, it cannot be said that the circuit court has abused the discretion vested in it concerning continuances. If, upon the application of parties who have been so long in default and so grossly negligent of their interests and apparently so unwilling to assert their defense and come to an issue, an appellate court will reverse a judgment founded upon such negligence and apparent obstinacy, the trial courts will be compelled in the future to proceed with great caution in forcing unwilling litigants to submit their cases.

Apprehending and forestalling the possible assumption on the part of counsel of the oversight by the court of the representation contained in the affidavits filed on the motion for a new trial concerning an alleged pending compromise as the reason for the failure to file a plea, it is noted here that no pending compromise or any other matter by way of excuse for failure to file the plea was brought to the attention of the court at the time it refused the continuance. On the ground of surprise, the pendency of a compromise might have been urged even at that late day as ground for continuance but it was not, and it was too late after the adjournment of the term to make it available for a continuance or the setting aside of the judgment and it cannot be urged here for the reason that, in order to be available here, it must have been in the record at the time the court below took the action complained of so as to make that action erroneous. This Court cannot grant relief upon matter sought to be introduced into the record long after the judgment had been rendered, and the record of the cause in the court below had been so thoroughly completed and made final that it could not there be altered. This Court has no original jurisdiction of bills in equity for relief against judgments on the ground of surprise, accident or mis-

take. If a compromise was pending, it was known to the defendants and they were bound to bring it to the attention of the court in order to make it available. In the same connection, it is urged that, by reason of the ignorance of the attorney for the defendants of the bar meeting at which the case was set for hearing, defendants were surprised and misled. No such claim was made in either of the three affidavits filed in support of the alleged motion for a continuance, nor even now are the rules presented in violation of which it is said the case was set for hearing. Clearly, there is nothing in these contentions.

The action of the court in overruling the motion to quash the execution was excepted to and assigned as a ground of error in the petition for the writ of error, but nothing is said on that subject in the brief from which it may be inferred that these assignments have been abandoned. However, nothing indicating any error in this connection appears in the record. The execution is dated May 6, 1902, more than sixty days after judgment, with interest thereon from the date thereof and for the costs which the clerk taxed at $43.30. The costs were properly inserted because the judgment gave costs, leaving the taxation thereof to the clerk which is usual and proper.

For the reasons aforesaid, the judgments complained of are affirmed.

*Affirmed.*