# CHARLESTON.

SNIDER *et al.* v. COCHRAN.

Submitted April 10, 1917.   Decided April 17, 1917.

1.   PLEADING—*Demurrer—Construction of Statute.*
    The right reserved to a defendant, by sec. 47 of ch. 125 of the Code, to appear and plead to issue, before the end of the term at which a judgment entered against him in the office of the clerk would become final, is broad and comprehensive, and includes the right to plead to an issue of law, by the filing of a demurrer to the declaration; and, if he appears and enters such a demurrer, before the judgment has been entered up in court, the plaintiff has no right then to have it so entered up, in disregard of the tender of the demurrer.   (p. 253).

2.   SAME—*Defective, Demurrer—Pleading Over.*
    If a demurrer so tendered is not well taken, the court, upon overruling the same, must permit the defendant to plead to an issue of fact, if he tenders the plea and counter affidavit, when the latter is required, before the judgment is entered up.   (p. 253).

3.   SAME—*Demurrer and Plea—Construction of Statute.*
    The statute reserves the right to appear and plead to an issue of law or an issue of fact, or both, as the defendant may elect, and he may raise them simultaneously by demurring and filing his plea at the same time, or successively, by demurring first and filing his plea after the demurrer has been overruled.   (p. 253).

4.   SAME—*Plea—Time.*
    In a case in which there is no order for an inquiry of damages, but in which the plaintiff has filed the statutory affidavit for proof of the amount of his demand, the defendant may appear and plead to issue, within the term at which the office judgment would become final, at any time before the judgment has been actually entered on the order book of the court.   Notation of the default, preparation of the judgment order and direction to the clerk to enter the same, do not cut off the right of defense on the merits.   (p. 253).

5.   STATUTES—*Construction—Derogation of Common Law.*
    Sections 46 and 47 of ch. 125 of the Code derogate from .the common law and regulate or restrict the constitutional right of trial by jury, wherefore they are strictly construed and cannot be enlarged by construction, in furtherance of legislative policy.   (p. 255).

Error to Circuit Court, Wetzel County.

Assumpsit by J. E. Snider and others against James L. Cochran. Judgment for plaintiffs, and defendant brings error.

*Reversed and remanded.*

*Thos. H. Cornett* and *Thos. J. Jacobs,* for plaintiff in error.

*Larrick & Lemon,* for defendants in error.

POFFENBARGER, JUDGE:

The argument submitted on this writ of error to a judgment by default for the sum of $1,269.20, rendered in an action of assumpsit, is limited to a single question, namely, the sufficiency of the affidavit filed with the declaration, to prevent the setting aside of the office judgment, in the absence of a counter affidavit denying liability, and to prove the amount of the plaintiff's demand, for the purpose of entry of final judgment by default.

Under the statute, Code, ch. 125, secs. 46 and 47, a defendant has right, on filing a counter affidavit, when the plaintiff has filed his statutory affidavit, to appear and plead to issue, at any time within the term at which the office judgment would become final, provided he appears before actual entry thereof; and, after actual entry thereof, within the term, he can make defense, if he shows good cause for setting aside the office judgment. In such case, he must tender his plea and a counter affidavit, denying liability in whole or in part, as well as show good cause for not having appeared and pleaded before the entry of the judgment or execution of the writ of inquiry. *Citizens Trust and Guaranty Co.* v. *Young, Adm'x.,* 75 W. Va. 241.

Though the judgment here complained of had not been actually entered up, at the time of the appearance of the defendant, the order containing it had been prepared and endorsed for entry. In this state of the case, he moved the court to set aside and reverse the unentered order and the endorsement thereon, tendered his demurrer to the declaration, asked leave until the next day to set out specific grounds of the motion and demurrer, in writing, and asked that the

motion and demurrer be filed. On an objection made by the plaintiffs, the court 'took time to consider whether it would allow the motion and demurrer to be filed, and the plaintiffs objected to the entry of an order setting forth these proceedings. On the next day, the defendant again appeared and charged insufficiency of the affidavit filed with the declaration, as evidence of the amount of the demand of the plaintiffs, and further moved that the affidavit be quashed and that he be granted leave to file a plea of non-assumpsit. Upon an objection to the filing of these motions, made by the plaintiffs, the court again took time to consider, and the plaintiffs objected to the entry of the order setting forth the objection to the affidavit, the motion to quash and request for leave to plead. Although there is no order expressly overruling the objections of the plaintiffs to the filing of the motions made, the court treated the case as standing on a motion to reverse or set aside. the judgment, and, on February 2, 1915, entered an order overruling such motion. As the judgment order bears date January 13, 1915, and the court treated the procedure on the part of the defendant as a motion to set aside and rehear, said order must be deemed to have been entered January 13, 1915, but after the appearance of the defendant and the tender of his demurrer. A bill of exceptions granted by the court says the defendant, after rendition of the judgment, not entry thereof, moved the court to set it aside and allow him to plead to issue.

In view of the appearance and tender of a demurrer, before the judgment order was actually entered in the records of the court, it is deemed unnecessary to inquire whether the affidavit relied upon for preclusion of right to vacate the office judgment and plead to issue, in the absence of a counter affidavit, is sufficient or not. It says the account to which it is appended is just and correct, that no part of the same has been paid and that after all just credits and sets off, there is due from the defendant to the plaintiffs $1,253.25, with interest on the two items thereof from their dates. In this informal way, it incorporates the most essential requirements of the statute, and, if a substantial compliance with the statutory requirements suffices, it may be good. Ordin-

arily, the language of the statute is followed, in the preparation of such an affidavit, and no good purpose would be subserved by the prescription of a new form, in a judicial opinion.   The motion to quash the affidavit was only one of the several methods adopted by the defendant to prevent entry of the judgment.   He tendered a clearly sufficient counter affidavit, within the time saved to him by his demurrer, and that gave him right to interpose a plea raising an issue of fact.   If the affidavit appended to the account is sufficient, it is in bad form.   Affirmation of its legal sufficiency would involve enunciation of principles subversive of order and care in the preparation of legal instruments.   It is much better to adhere to the plain and simple language of the statute, than to endeavor to supply equivalents thereof.

The statutory provisions relied upon by the plaintiffs, as precluding right of defense upon the merits of the case, both derogate from the common law and regulate or restrict the great constitutional right of trial by jury.   At the same time, it bars meritorious defenses for mere misconduct in litigation, non-compliance with statutory requirements.   For these reasons, they must be strictly construed.   In other words, a plaintiff cannot have the benefit of a judgment on mere ex parte proof of his demands, because of delay in the interposition of defenses on the merits, unless he brings himself within the express terms of the statute. ˙ These terms cannot be enlarged by construction, in furtherence of what may be deemed legislative policy.   *Bank of Weston* v. *Thomas,* 75 W. Va. 321; *Harrison* v. *Leech,* 4 W. Va. 383; *Davis* v. *Commonwealth,* 17 Gratt. 617.

For the same reason, these provisions must be so interpreted, when they apply, as to permit them to operate fairly and reasonably.   It was not the purpose or design of the legislature to make them operate harshly or unjustly, nor to enable a plaintiff to avoid defenses.   Their purpose is to compel prompt assertion of defenses.   They bar the right of defense for negligence and delay, but they do it in a reasonable, ˙fair and orderly way, and the defendant has all the time for defense, expressly and impliedly allowed

by their terms, and the plaintiff and the court must accord it to him.

Section 47 of ch. 125, permits a defendant against whom a judgment has been entered to appear at any time before the end of the term at which the judgment becomes final and plead to issue, provided he files a counter affidavit, when such an affidavit is necessary, and provided further that the judgment has not been entered up in court nor the order for an inquiry for damages, when there is one, executed. Obviously, the mere rendition of the judgment, after declaration of default, does not preclude the right of appearance and defense. The statute does not say so. To bar defense, the judgment must have been actually entered upon the order book. Under a similar statute, applicable to suits in equity and impliedly denying right to file an answer after entry of a final decree, it has been held that the defendant has the right to file his answer at any time before such decree has been actually entered, and that such right is not barred by the mere preparation and award of the decree and direction to the clerk to enter it. *Ash* v. *Lynch*, 72 W. Va. 238. In this case, the defendant appeared and tendered his demurrer to the declaration, before the judgment order was entered, and protested against the entry thereof. Though his diagnosis of the situation was not accurate nor his conception of his own right entirely clear, his resistance of the procedure against him was vigorous and earnest. When he offered to make his defense, the plaintiffs interposed an objection on the ground of delay, and the court did not overrule the objection and accord him the right the law gave him. It should have promptly overruled the objection, permitted the demurrer to be filed and passed upon it. If it was not well taken, the court should have said so and then permitted the filing of the counter affidavit and plea of non-assumpsit, if tendered. Evidently they were not tendered with the demurrer, nor until the next day after the entry of the judgment, but the judgment could not be properly entered, until after reception and disposition of the demurrer. The defendant had clear legal right to demurr to the declaration, whether it was good or bad, and to have his demurrer dis-

posed of before entry of judgment. *Bank* v. *Burdette, Judge,* 61 W. Va. 636; *Wilson* v. *Shrader,* 73 W. Va. 105. The tender of the demurrer before entry, held the case open. If the demurrer had been received and overruled, the defendant would then have had right to file his counter affidavit and plea. He would then have been still in court, in the first term and before entry of judgment, offering to plead to issue, and that right could not have been denied him. How long he could have delayed the entry in the first term, by an offer so to plead, need not be determined now. It suffices to say the court could not enter the judgment immediately upon the overruling of the demurrer, if the defendant had tendered his plea and affidavit. Under such circumstances, the terms of the statute do not cut off right of defense. In *Bank* v. *Burdette, Judge,* 61 W. Va. 638, Judge BRANNON said: "If the demurrer is overruled at the first term, he (the defendant) can plead any matter of fact admissible."

The right reserved by the statute to "appear and plead to issue" is broad and comprehensive. It saves all defenses going to the merits of the case, including that of a challenge of the sufficiency of the declaration. The tender of a demurrer involves an appearance. *Bank* v. *Ralphsnyder,* 54 W. Va. 231; *McGraw* v. *Roller,* 53 W. Va. 75; *Steenrod* v. *Railroad Co.,* 25 W. Va. 133, 137. The statute does not say the defendant shall appear only to plead matter of fact. Theoretically, every case involves two issues, one of law and the other of fact. The demurrer raising an issue of law may not be technically and strictly a plea, but it is a pleading, and when a defendant demurrs to a declaration, he pleads to an issue. If the issue of law so developed is determined against him, he still has clear right to plead to an issue of fact. The statute gives him both and he may avail himself of them simultaneously or successively as he may elect. Nor does it authorize the court to decline to entertain either, if tendered before actual entry of the judgment and within the term at which the office judgment would become final, if not set aside, or to enter a judgment without disposition thereof.

For the reasons stated, the judgment complained of will be reversed and set aside and the case remanded with directions to the trial court to permit the demurrer to be filed and dispose of it, and, if the disposition thereof shall be adverse to the defendant, to permit him to file his counter affidavit and plea.

*Reversed and remanded.*