# CHARLESTON.

LEOPOLD SALZER et al., PARTNERS, ETC., v. ADOLPH SCHWARTZ.

Submitted April 26, 1921.     Decided May 3, 1921.

1. JURY—*Court Cannot Try Action Where Issue Joined and Case Matured for Trial Unless Jury Trial Waived.*

   It is error for the court, in lieu of a jury, to try an action at law where there has been an appearance by the defendant, issue joined, and the case matured for trial; unless it appears from the record that trial by jury was waived by the parties either expressly or by conduct which implies a waiver. (p. 570).

2. SAME—*Jury Trial Not Waived by Absence of Defendant When Case Called Three Years After Appearance.*

   Where the defendant in an action at law appears and pleads the general issue and files notice of recoupment, and the case is continued, and when the case is called for trial three years later he is not in the court room either in person or by counsel, it will not be presumed he has thereby waived his right of trial by jury, and it is error for the court to try the issue in lieu of a jury and render judgment as by default. (p. 571).

Error to Circuit Court, Kanawha County.

Action by Leopold Salzer and others against Adolph Schwartz. Judgment for plaintiffs, and defendant brings error.

*Reversed and remanded.*

*Morton & Mohler*, for plaintiff in error.
*U. S. Albertson*, for defendants in error.

LIVELY, JUDGE:

One question is involved here. Is it error for the court to try a case at law in lieu of a jury, where the defendant has entered his appearance and pleaded the general issue and

notice of recoupment, without his waiver of a jury trial shown on the record?

Plaintiffs filed their declaration in assumpsit in the Intermediate Court of Kanawha County at May rules, 1916. On July 3rd, a day of the following term, the defendant appeared and pleaded non-assumpsit and filed notice of recoupment, and the case was continued. Three years later, July 16, 1919, a default judgment was rendered in favor of the plaintiffs for $339.74, with interest from April 29, 1916. The order recites that the plaintiffs appeared by counsel, and the defendant still failing to appear, although thrice solemnly called in open court, process having been duly served, and the plaintiff not requiring a jury, the court proceeded to hear the evidence and render judgment. Under this state of the pleadings and facts can the judgment stand? The Constitution says that: ''In suits at common law, where the value in controversy exceeds twenty dollars, exclusive of interest and costs, the right of trial by jury, if required by either party, shall be preserved.'' Art. 3, sec. 13. Section 29, chap. 116, Code, reads: ''In any case, except a case of felony, in which a trial by jury would be otherwise proper, the parties or their counsel by consent entered of record, may waive the right to have a jury, and thereupon the whole matter of law and fact shall be heard and determined, and judgment given by the court; or by like consent, the jury may consist of seven, and in that case a verdict shall be as valid, and have the same effect, as if it had been found by a jury of twelve;'' and section 7, ch. 131, Code, reads: ''The court, in an action at law, if neither party require a jury, or if the defendant has failed to appear, shall ascertain the amount the plaintiff is entitled to recover in the action, if any, and render judgment accordingly.''

In view of the constitutional provision and these two statutes, when and under what conditions can the court try in lieu of a jury? It is clear that if the defendant has failed to appear to the action no jury is required; the complaint is taken pro confesso by him, and all that is necessary is the ascertainment of the amount due, which the court is then given the authority to find. By his failure to appear he has admitted liability. If the defendant has appeared and pleaded

and thus issues are made up, it is necessary to ascertain two things before judgment can be given for plaintiff, (a) that the defendant is liable; (b) the amount of the liability. The statute does not give the court the authority to pass upon the liability of the defendant to the plaintiff unless there is a waiver by the former of the right to try by jury. Nor can the court try unless there is a waiver of jury trial by both parties. If the parties are in court, and "neither party require a jury," that fact must appear by the record. The waiver must affirmatively appear. Where the record showed "that neither party required a jury and the court is substituted in lieu of a jury to try the case," it was held that this was consent entered of record as required by sec. 29, chap. 116 of the Code (sec. 35, ch. 47, Acts 1872-3); *King* v. *Burdette,* 12 W. Va. 688.

The waiver need not be in express words; but if it appears from the record that such waiver was intended by conduct of the parties it is sufficient. But we repeat that this must be shown from the record. If the record be silent no waiver can be inferred. As was said by Judge POFFENBARGER in *Lipscomb* v. *Condon,* 56 W. Va. 445: "That a jury may be waived is beyond doubt, but the legislature has seen fit to prescribe the manner in which such waiver shall be shown, namely, by consent of the parties or their counsel, entered of record. * * * For more than half a century the statute has stood, working no inconvenience, and yet effectually guarding this most important and sacred right of the citizen against inadvertent and inconsiderate waiver. * * * None of our decisions seem to countenance any authority in the court to try civil and misdemeanor cases except when the record shows a waiver by consent." The defendant entered his appearance, filed a written plea of non-assumpsit, and "put himself upon the country;" a trial by jury then became his constitutional right, which could only be taken from him by his consent of record, either expressed or implied. But it is contended by counsel for plaintiff that inasmuch as defendant was not in the court room on the day the judgment was rendered he "failed to appear," and for that reason the court, under sec. 7, chap. 131, Code, was justified in trying the issue without

a jury; that by his failure to be in the court room either in person or by counsel, he thereby waived his right to jury trial. We cannot agree to this interpretation of the statute. The "failure to appear" clearly means a failure to appear to the action, and not a failure to be in the court room at any particular stage of the proceeding prior to judgment. Where a general appearance has been made in an action the party so appearing is presumed to be before the court in all subsequent proceedings in the case until he has formally withdrawn or has been dismissed therefrom by action of the court. Having appeared and pleaded and placed himself upon the country he was thereafter constructively before the court, relying upon his right to trial by jury, which could not be taken away from him except in the manner hereinbefore set out.

The court entered a default judgment, as if there had been no appearance. The order recites that the defendant "still failing to appear, though now thrice called in open court," etc., the usual form of judgment by default. The court was in error, possibly relying upon counsel, as there had been an appearance by the defendant three years before, and that appearance had not been withdrawn. We do not find even a suggestion or suspicion from the record that the defendant has waived his right to jury trial.

For the reasons above given, we conclude that the circuit court should have reviewed and reversed the judgment of the intermediate court, and, proceeding to enter such order as the circuit court should have entered, we reverse the judgment of the intermediate court rendered on the 16th day of July, 1918, award a new trial and remand the cause.

*Reversed and remanded.*