# CHARLESTON.

M. L. SHAMBLEN *v.* FRED HALL *and* BURL HALL.

(No. 5317)

Submitted November 3, 1925. Decided November 10, 1925.

JURY—*Trial by Circuit Court in Lieu of Jury Held Error, Except on Showing From Record That Jury Trial Was Waived by Parties; Failure of Defendant to Appear at Trial Held Not to Waive Jury Trial.*

It is error for the court, in lieu of a jury, to try an action at law brought in the circuit court where there has been an appearance by the defendant, issue joined, and the case matured for trial, unless it appears from the record that trial by jury was waived by the parties. The failure of the defendant to appear in person or by counsel at the trial will not constitute such waiver.

(Juries, 35 C. J. §§ 110, 120.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Roane County.

Proceeding by notice of motion for judgment by M. L. Shamblen against Fred Hall and another. Judgment for plaintiff, and defendants bring error.

*Reversed and remanded.*

*Wm. S. Ryan* and *Thos. P. Ryan,* for plaintiffs in error.
*Grover F. Hedges,* for defendant in error.

LITZ, JUDGE:

The defendants, Fred Hall and Burl Hall, prosecute error to a judgment of the circuit court rendered September 25, 1924, upon the finding of the court in lieu of a jury, in a proceeding by notice of motion for judgment.

The notice in substance states that the plaintiff would, on a day given, before the circuit court of Roane county demand judgment against the defendants for the sum of $1640.12, being the principal and interest on three notes executed by the defendants to the plaintiff, less credits, particularly mentioned and described.

The defendants interposed a demurrer to the notice which was overruled, and also filed a plea of the general issue and two special pleas of partial payment, on which issue was joined.

Upon motion for a continuance in behalf of defendants being overruled, and after withdrawal of their counsel from the case, the court proceeded in the absence of the defendants, without a jury, to hear the evidence for the plaintiff and render judgment thereon.

The defendants assign as errors:   (1) the overruling of the demurrer to the notice; (2) the refusal of a continuance of the case; (3) the failure to allow the defendants credit for admitted payments; and (4) the indefiniteness of the judgment.

The notice being sufficient to inform plaintiff of the nature of the claim and amount due for which judgment would be demanded, the demurrer thereto was properly overruled. The notice is treated as a substitute for summons and declaration, and it sufficiently performs the function of a declaration if it indicates with reasonable certainty on what obligation, demand, or account the judgment is sought. *Bank* v. *Dixon,* 94 W. Va. 21; *Stuart* v. *Carter,* 79 W. Va. 92.

As the court improperly dispensed with the trial by jury,

for which cause a new trial will have to be awarded, it becomes unnecessary to consider the questions involved in the remaining assignments of error, which need not arise on another trial. It is error for the court, in lieu of a jury, to try an action at law brought in the circuit court where there has been an appearance by the defendant, issue joined, and the case matured for trial, unless it appears from the record that trial by jury was waived by the parties. The failure of the defendant to appear in person or by counsel at the trial will not constitute such waiver. *Salzer* v. *Schwartz,* 88 W. Va. 569; *Lipscomb* v. *Condon,* 56 W. Va. 445.

The judgment of the circuit court will be reversed, its finding set aside, and a new trial awarded defendants.

*Reversed and remanded.*