# CHARLESTON.

NEW GAULEY COAL CORPORATION *v.* HON. I. C. HERNDON, *Judge, etc., et al.*

(No. 5201)

Submitted April 13, 1926.   Decided April 20, 1926.

1. EQUITY—*Court Dismissing Suit to Wind Up Estate of Decedent, Marshal Assets, and Distribute Them, and Striking it From Dockets, Has No Jurisdiction, After More Than Twenty Years, to Entertain Ex Parte Petitions Filed in Cause Asking Further Relief.*

   After a chancery cause, instituted for the purpose of winding up the estate of a decedent, marshalling the assets and distributing the same to those entitled thereto, has been dismissed and stricken from the docket by an order which recites that the objects of the suit have been accomplished, the circuit court which entered such order does not have jurisdiction after a lapse of more than twenty years from the date of the order, to entertain ex parte petitions filed in the cause asking for further relief.

   (Equity, 21 C. J. § 812.)

2. PROHIBITION—*Where Chancery Cause to Wind Up Estate of Decedent Was Dismissed by Order Reciting That Objects of Suit Had Been Accomplished, Prohibition Will Lie Against Proceedings in Such Suit More Than Twenty Years*

*Thereafter; Court Being Without Jurisdiction (Code, c. 110 § 1).*

Such decree of dismissal is final, and proceedings in the cause instituted and taken more than twenty years after its date of entry are coram non judice; prohibition will lie against them or future proceedings in the dead cause, at the instance of any person aggrieved thereby.

(Equity, 21 C. J. § 812; Prohibition, 32 Cyc. p. 604.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original proceeding by the New Gauley Coal Corporation for prohibition, to be directed to Hon. I. C. Herndon, Judge of the Circuit Court of Monroe County, and others.

*Writ awarded.*

*Price, Smith & Spilman* and *A. N. Breckenridge,* for petitioner.

*W. E. R. Byrne,* for respondents.


LIVELY, JUDGE:

By this rule in prohibition, the New Gauley Coal Corporation seeks to prohibit the Honorable I. C. Herndon, Judge of the Circuit Court of Monroe County, V. H. Odell, and others from further proceeding upon certain petitions filed by Odell and the others in the consolidated chancery causes of A. T. Caperton's Admr. v. A. T. Caperton's heirs et al., and Robert Stiles et al., Commissioners v. John Williams' Admr. et al., which causes, many years ago, were pending in the circuit court of said county; and from enforcing or attempting to enforce any decrees heretofore entered on said petitions, on the ground that the circuit court has no jurisdiction to entertain said petitions or to enter any decree based thereon.

The controversy is over lands lying in Nicholas County owned, many years ago, by Allen T. Caperton, deceased, a part of about ninety thousand acres owned by him lying in the Counties of Greenbrier, Webster and Nicholas. In the year 1877, Caperton's administrators instituted a chancery suit in Monroe County against Caperton's heirs and others to settle the estate and sell the lands. The entire boundary

of land containing 90,705 acres was sold by special commissioners to Johnson N. Camden which sales were confirmed by decree of March 19, 1885, followed by a deed to him dated October 17, 1889.

It appears that prior to the sale to Camden the special commissioners through Craig, their agent for the purpose, had contracted to sell several small parcels of land in Nicholas County to the respondents (other than Herndon) or their predecessors, and small down payments had been made, and possibly the purchasers had been put in possession. These sales had been reported to the court, but were never confirmed, and no further payments on the parcels were made. The Camden title, thus obtained, which includes the lands in controversy, is now owned by the New Gauley Coal Corporation. In argument it was asserted that Odell and the other respondent purchasers of the small tracts were in possession of the respective tracts.

The cause of Caperton's Admr. v. Caperton's heirs remained on the docket until 1903, when an order was entered reciting that the objects and purposes of the suit had been accomplished, and it was dismissed and stricken from the docket.

When the deed to Camden was made in 1889, it seems to have been understood that unreported sales had been made by Craig, agent, out of the large tract, and Camden was to have the benefit of the purchase price from any purchaser who might be entitled to a deed for the land purchased by him; and subsequently a commissioner was appointed to ascertain sales of land not reported, who made a report in 1890, by which it appears that one sale of 49 acres to Martin Perkins at a price of $65.25 had been made on which $5.00 had been paid; and it is averred that this acreage is now owned by respondent Odell. There were about twenty-one other tracts and purchases reported. The decree on that report directed that these sales be confirmed and upon payment of the purchase money therefor Jno. W. Harris, special commissioner, should make deeds from the court and that Camden should accept a certain sum and execute quit-claim deeds to the

acreage of the sales reported as made by Craig. It appears that Camden did not accept the condition in that decree.

Hence it is that respondents claiming to have possession, and a right of title to their respective tracts, originating in the old suit of Caperton v. Caperton, confidently assert that they are entitled by filing their ex parte petitions in that cause, without making parties or having process on their petitions, to secure deeds from the court upon surveys of the lands claimed to have been purchased by them, upon payment of the balance of purchase money; and that the circuit court has jurisdiction to entertain their petitions and award the relief prayed for. The circuit court, upon inspection of the petitions, held on April 16, 1924, that petitioners were entitled to have deeds upon payment of purchase money to the general receiver of the court, but the court not being satisfied as to the identity and description of the lands, called for surveys, calls and descriptions, and other proper proof of identity to be filed at the next term. This rule in prohibition halted further proceedings.

We have only attempted to recite so much of the pertinent facts necessary to show the claims of the parties to the lands in controversy. The papers and decrees in the Caperton suit are voluminous and it is not desirable or necessary to set them out in substance. The New Gauley Company shows that it has legal title to the lands which respondents are asking the circuit court to deed to them. Respondents say they are entitled to these deeds. As to the merits of these claims we are not now concerned, and nothing we say should prejudice the substantive rights of any party. Assuming that respondent Odell (he only makes appearance here), and those similarly situated, have some equity in the lands, the only question we have before us is whether the circuit court had jurisdiction to grant them relief on ex parte petitions filed in the Caperton suit which had accomplished the purpose of its existence and had been dismissed and omitted from the docket for more than twenty years. If the court had no jurisdiction to entertain the petitions, then prohibition will lie as of right to any party affected by assumption of jurisdiction.

On the motion to quash the rule, respondent Odell says the New Gauley Coal Corporation does not show such right or interest as would entitle it to be heard. We think it clearly alleged and buttressed by deeds of conveyance, that petitioner holds the legal title to the land decreed and deeded to Johnson N. Camden. The other points are to the effect that petitioner coal corporation has other adequate and complete remedies by way of appeal, or, not being a party, could obtain relief by bill of review. The answer to this is that prohibition is a writ of right made so by the statute, Chap. 110, Sec. 1, Code, and petitioner may elect to pursue it rather than to proceed by some other method. It is a quick, inexpensive and adequate method of stopping litigation where there is no jurisdiction. Why wait the tedious length of chancery litigation to ascertain if the very foundation of the case, jurisdiction, is wanting? *Morley* v. *Godfrey,* 54 W. Va. 54; *Hatfield* v. *Graham,* 73 W. Va. 759; *Weil* v. *Black,* 76 W. Va. 685; *State* v. *Studebaker,* 80 W. Va. 673; *Jennings* v. *McDougle,* 83 W. Va. 186; *State* v. *Kindelberger,* 88 W. Va. 131. And where there is lack of jurisdiction it is not necessary for the petitioner to show that he first asked the lower court to dismiss for that cause, before applying for a rule in prohibition. *Swinburn* v. *Smith,* 15 W. Va. 483; *Marsh* v. *O'Brien, Judge,* 82 W. Va. 508; *Roane County Court* v. *O'Brien, Judge,* 95 W. Va. 32.

Did the circuit court have jurisdiction to entertain the petitions and to enter the decree giving petitioners deeds upon payment of purchase money and identification of the lands by surveys and other evidence? This is the concise question. The last decree in Caperton's Admr. v. Caperton's heirs et al. was entered on October 22, 1903, and reads: "The objects of this suit having been accomplished it is ordered that the same be dismissed and that the same be stricken from the docket of this court." Prior to that date the last order was in 1896. The court by the order of 1903 judicially determined that the objects of the suit had been accomplished. It was one of the causes determined, and hence was dismissed from the docket as such. The decree was final, and after more than twenty years could not have been

set aside and the cause reinstated. No motion was made to have it reinstated by the respondent litigants. The order filing the petitions and granting relief is apparently based upon the assumption that the cause was yet pending. The order filing these petitions in this dead cause and giving partial relief is coram non judice. A somewhat similar situation arose in *Battaile* v. *Maryland Hospital,* 76 Va. 63. In 1872 that cause was stricken from the docket; in 1874 it was reinstated on motion of defendant Maryland Hospital claiming that full equity had not been administered, and its debt not paid. The Virginia court held that the order of 1872 *striking the cause from the docket* was final. In the course of the opinion Judge Burks said, speaking of the order, ''It is, and in the nature of things must be, an adjudication that everything has been done in the cause that the court intends to do, and hence there is no longer any necessity of retaining it on the docket. The unconditional order striking from the docket, appended to such a decree (the decree confirming sale of land and distribution of purchase money), absolutely and unequivocally imports judicial determination and a final disposition of the pending cause. The decree may be erroneous, but the error does not render it less final. The court, by its order, has put the cause beyond its control, and it cannot, upon discovery of the error, recall it in a summary way and resume a jurisdiction which has been exhausted.'' The order under consideration does not simply retire the cause from the docket as was done in the Virginia case cited; it first says that the *objects of the suit have been accomplished,* and that is the reason for dismissing it from further hearing. Judge Staples in *Ryan* v. *McLeod,* 32 Grat. 376, speaking of finality in decrees, said, ''According to the uniform decisions of this court, a decree which disposes of the whole subject *gives all the relief that is contemplated,* and leaves nothing to be done by the court, is only to be regarded as final.'' In *Echols* v. *Brennan,* 99 Va. 150, and in *Snead* v. *Atkinson et al.,* 92 S. E. (Va.) 835, the Virginia court again held that an order striking a cause from the docket is an adjudication that everything has been done in the cause that the court intends to do, and that all orders and proceedings had in such dismissed cause,

after the time has expired in which reinstatement may be had, are without jurisdiction. See *Smith* v. *Powell,* 98 Va. 431; 36 S. E. 522. Counsel for petitioner, New Gauley Coal Corporation, cite our cases of *Farmers Bank* v. *Montgomery,* 11 W. Va. 169, and *Gainer* v. *Gainer,* 30 W. Va. 390. They are in accord with the Virginia cases, and are to the effect that after there has been an order of dismissal of a suit which order has become final, although it may have been erroneous, the court has no further jurisdiction to proceed. Counsel for respondents have cited no authority to the contrary. In the case of *McGinnis* v. *Caldwell,* 71 W. Va. 375, a litigant claimed title to land by virtue of commissioner's deed, although there was no report of such sale by him and no decree confirming such sale. There had never been an order of dismissal or discontinuance of the cause although it had been off the docket for very many years. An action of ejectment was brought by heirs of the deceased debtor, against the holder of the title under the commissioner's deed, claiming that they were the owners of the legal title. By bill in chancery regularly filed, the old suit in which the commissioner's deed was made, was reinstated and the purchaser's title perfected. The relief there granted was upon original bill asking the court to carry into effect its own decree. Here the proceeding is exparte and in a cause, the purposes of which have been accomplished for more than twenty years. The principal participants in that cause, including the officers of the court, have long since died, and the title involved has passed from the original purchaser through many successive grantees.

The lower court had no jurisdiction to reinstate the chancery cause of Caperton's Admr. v. Caperton's heirs on the petitions of respondents filed therein, nor to pronounce orders or decrees therein. Not having jurisdiction, the writ of prohibition as prayed for is awarded.

*Writ awarded.*