W. V. MATHENY *v.* EVA B. GREIDER *et al.*

(CC 507)

Submitted November 14, 1934. Decided December 22, 1934.

*Russell, Hiteshew, Adams & Hill,* for plaintiff.
*McDougle & Hoff,* for defendant.

KENNA, JUDGE:

The circuit court of Wood County certifies its holding overruling a demurrer to the answer filed by defendants in a judgment lien creditors' suit instituted by W. V. Matheny against Eva B. Greider and others.

The answer states, in substance, that the judgment set up in the bill of complaint for the satisfaction of which the suit is brought to subject the land of Eva B. Greider, was rendered in the circuit court of Harrison County on May 9, 1922, in an action of debt in which W. V. Matheny was the plaintiff and G. B. Greider and Eva B.

Greider were the defendants. It is alleged that the defendants had appeared in the action of debt and had filed their counter affidavit and their general issue plea. According to the averments of the answer, the original process in the action of debt was issued on the 8th day of March, 1920, and proceedings in that action were enjoined at the suit of the defendants therein named. It is averred that the injunction was dissolved on the 9th day of May, 1922, and that on that day the plaintiff in the' debt action had it called for trial and proceeded to take judgment against the defendants therein without impaneling a jury. The answer takes the position that the judgment rendered in the circuit court of Harrison County against the defendants in the action of debt is entirely void and is therefore subject to collateral attack in this proceeding. Plaintiffs contend that the failure to submit the issue in the debt action to a jury renders the judgment therein only voidable for error, and, hence, not subject to attack in this cause.

Section 13, article III, of our Constitution gives the absolute right to trial by jury when the matter in controversy exceeds twenty dollars, provided that right is asserted. We believe that this right would not be adequately protected were we to hold that it not being accorded in a proper case was merely error that would have to be directly corrected. The language of the constitution is mandatory and the right itself is fundamental. We are therefore of opinion that the question is jurisdictional. This court has heretofore held that the plea of general issue is tantamount to a demand for a trial by jury. *Salzer* v. *Schwartz,* 88 W. Va. 569, 107 S. E. 298; *Shamblen* v. *Hall,* 100 W. Va. 375, 130 S. E. 496. It is also settled in this state that the failure to appear on the day of trial, or when a case is called for trial, is not a waiver of the right to trial by jury that has been previously demanded by adequate plea. *Salzer* v. *Schwartz,* 88 W. Va. 569, 107 S. E. 298.

On the basis of the foregoing considerations, and because we consider that we are bound by precedent to an extremely rigid rule respecting the matters here urged,

we are of the opinion that the failure of the plaintiff in the action of debt to cause a jury to be impaneled and properly sworn to try the issue after the defendants, by their pleas, had made what, in this state, is held to be a demand for a jury trial, rendered the subsequent proceeding to judgment in that action void. That being so, it is subject to attack in this cause, and the matters set up in the defendants' answer to the creditors' bill constitute a complete defense thereto. The question certified will be so answered, affirming the decree of the circuit court of Wood County which overruled the demurrer to the answer.

*Affirmed.*