PAULINE V. ARMSTRONG

*v.*

LEO JONES

(No. 10624)

Submitted April 20, 1954. Decided May 11, 1954

*I. Raymond Murphy,* for plaintiff in error.

*Wm. T. George, Wm. T. George, Jr.,* for defendant in error.

RILEY, JUDGE:

In this action of trespass on the case, instituted in the Circuit Court of Barbour County by Pauline Virginia

Armstrong against the defendant, Leo Jones (referred to in the declaration as "Lee" Jones), to recover damages for personal injuries alleged to have been sustained by her as a result of an automobile, owned and operated by plaintiff's husband, Clarence Armstrong, along State Route No. 57, in which plaintiff was riding as a guest-passenger, striking a horse owned by the defendant, which the defendant had wilfully and negligently turned loose on the public road, the trial court on June 15, 1953, the date upon which this action was regularly set for trial, after hearing evidence adduced in support of plaintiff's cause of action in the absence of the defendant and his counsel, I. Raymond Murphy, Esq., and without a jury, entered judgment in favor of the plaintiff and against the defendant in the amount of one thousand dollars. To an order entered by the Circuit Court of Barbour County on July 3, 1953, overruling defendant's motion to set aside the judgment order entered on June 15, 1953, the defendant prosecutes this writ of error.

The plaintiff, Pauline Virginia Armstrong, filed her declaration in the office of the Clerk of the Circuit Court of Barbour County at September rules, 1951. Thereafter the case was matured at rules for hearing at the October, 1951, term of the Circuit Court of Barbour County. At this term of court the defendant, Leo Jones, filed in open court his plea of not guilty; and at the same term of court on November 29, 1951, upon plaintiff's motion, and over defendant's objection, the case was continued to the next regular term of the circuit court, which under Section 1-(s) of Chapter 43, Acts of the Legislature, Regular Session, 1935, commenced on the fourth Monday in February, 1952.

No petit jury having been in attendance in the Circuit Court of Barbour County during the three terms of court which began, respectively, on the fourth Monday in February, May and October, 1952, nor for the term of court beginning on the first Monday in February, 1953, the case remained on the docket of the Circuit Court of

Barbour County until the May, 1953, term of the court. On the opening day of that term of court, that is on the fourth Monday in May, 1953, being May 25, 1953, the law docket was regularly called, and by agreement of counsel for plaintiff, William T. George, Sr., and counsel for the defendant, I. Raymond Murphy, the case was set for trial on June 15, 1953. On the 15th day of June, 1953, the day set for trial, the plaintiff appeared by her counsel, William T. George, Sr., and announced that plaintiff was ready for trial. Neither the defendant, Leo Jones, nor his counsel, I. Raymond Murphy, appearing, the court, having made inquiry as to the whereabouts of defendant's counsel, I. Raymond Murphy, and after waiting "a considerable time to locate said" counsel, the court announced that it would proceed with the trial of the case; and thereupon plaintiff by counsel "waived a jury" and offered oral evidence in open court of witnesses in support of plaintiff's right of action. After hearing the argument of plaintiff's counsel, the court entered the judgment of June 15, 1953, which the defendant seeks to have vacated and set aside, which judgment order, in that it recites that "There being no appearance for Defendant", was entered as though it were a default judgment.

Thereafter on June 17, 1953, and at the same term of court at which the judgment order of June 15, 1953, had been entered, the defendant, Leo Jones, appeared in person and by his attorney, I. Raymond Murphy, and by leave of court filed a motion that the court vacate, cancel and set aside "the verdict" and judgment entered on June 15, 1953, which motion recites that William T. George, Sr., counsel for plaintiff, had requested that the trial of the case be continued for one day, which request was made to defendant's counsel, I. Raymond Murphy, to which request defendant's counsel agreed. This motion further recites that the defendant was not in court with his witnesses on June 15, 1953, at the time the judgment order was entered, because the defendant had been informed by his attorney that, at the request of William T. George, Sr., the trial could not be held until the following day, that

is, on June 16, 1953; and further that defendant's counsel, I. Raymond Murphy, was prevented from being in court at nine o'clock in the morning of June 15, 1953, and that he was wholly unaware that plaintiff would seek to have the trial on that date, and that "because of the misunderstanding which was induced by the attorney for the plaintiff, such verdict and judgment will work a grave injustice against defendant and deprive him of his constitutional rights, unless the same is vacated and set aside."

On the hearing had on defendant's motion to set aside the judgment order of June 15, 1953, defendant's counsel, I. Raymond Murphy, and the defendant, Leo Jones, filed affidavits in support of the motion, and in opposition to those affidavits the plaintiff filed the affidavits of I. E. Thorne, a Deputy Sheriff of Barbour County, and William T. George, Sr., counsel for plaintiff; and plaintiff, Pauline Virginia Armstrong, by her counsel, William T. George, Sr., filed in open court on July 1, 1953, an answer to defendant's motion. The matters arising on defendant's motion having been continued on motion of counsel for the defendant for the purpose of taking testimony bearing on defendant's motion to set aside and vacate the judgment order of June 15, 1953, witnesses for the defendant appeared and were examined by defendant's counsel, I. Raymond Murphy, and cross-examined by plaintiff's counsel, William T. George, Sr.

The gravamen of the evidence adduced by the defendant in support of the motion that the judgment of June 15, 1953, be vacated and set aside is that counsel for plaintiff and defendant had orally agreed that the case be postponed from the trial date of June 15, 1953, to June 16, 1953, and that on the morning of June 15, 1953, at the time the judgment was entered, defendant's counsel was in the City of Clarksburg and was delayed in reaching the City of Philippi by reason of the fact that after leaving Clarksburg on his way to Philippi, he had to return to the former city to obtain a new automobile tire.

The evidence bearing on the alleged oral agreement

between counsel, and the absence of defendant's counsel from the City of Philippi at the time the judgment was entered is in conflict.

As appears from the order entered on July 3, 1953, overruling the motion to set aside and vacate the judgment of June 15, 1953, the trial court overruled the motion on the ground that Rule VI of the Rules of Practice for Trial Courts requires that the alleged agreement between counsel to be effective must be reduced to writing and signed by counsel. Defendant's counsel asserts that as the order of June 15, 1953, was entered as the result of a misunderstanding between counsel as to the resetting of the case for trial on June 16, 1953, the order should be vacated under the holdings of this Court in the cases of *Black* v. *Foley,* 117 W. Va. 490, 185 S. E. 902; *Sigmond* v. *Forbes,* 110 W. Va. 442, 158 S. E. 677; *Willson* v. *Ice,* 78 W. Va. 672, 678, 679, 90 S. E. 272, involving oral agreements between opposing counsel and misunderstandings between counsel resulting in default judgments.

The filing by the defendant of a plea of the general issue served to constitute a general appearance, and the judgment of June 15, 1953, notwithstanding it was entered in the absence of the defendant and his counsel, and recites that there was no appearance by the defendant, is not a default judgment. "A judgment in a case in which there has been an appearance is not a judgment by default." 11 M. J., Judgments and Decrees, Section 186. Thus when an issue of law or fact is properly raised in a case by an answer or other pleading of the defendant, a judgment by default cannot be entered against the defendant. *Dillard* v. *Thornton,* 29 Gratt. 392 (70 Va.) ; *Salzer* v. *Schwartz,* 88 W. Va. 569, 107 S. E. 298; *Second National Bank of Morgantown* v. *Ralphsnyder,* 54 W. Va. 231, pt. 1 syl., 46 S. E. 206. In *Matheny* v. *Greider,* pt. 1 syl., 115 W. Va. 763, 177 S. E. 769, this Court held: "The filing of a plea of the general issue is tantamount to demanding trial of the action by jury." In point 2 of the syllabus in the *Matheny* case, this Court held that "When a trial by jury

has been demanded in an action involving more than twenty dollars, the impaneling of a jury to try the issue is a jurisdictional requirement, and a judgment rendered without complying with it is void."

Thus under the holding of this Court in the *Matheny* case, the circuit court was without jurisdiction to enter as though it were a default judgment, the judgment order of June 15, 1953, without impaneling a jury to try the case. Section 13 of Article III of the West Virginia Constitution, provides that: "In suits at common law, where the value in controversy exceeds twenty dollars exclusive of interest and costs, the right of trial by jury, if required by either party, shall be preserved; * * *"; and Code, 56-6-11, implementing Section 13 of Article III of the West Virginia Constitution provides *inter alia* that "The Court, in an action at law, if neither party require a jury, or if the defendant has failed to appear and the plaintiff does not require a jury, shall ascertain the amount the plaintiff is entitled to recover in the action, if any, and render judgment accordingly."

Under the provisions of Section 13 of Article III of the West Virginia Constitution, and the implementing statute contained in Code, 56-6-11, the judgment order of June 15, 1953, is void. The defendant having demanded a jury trial by his plea of the general issue should not by his absence and that of his counsel at the time the action was heard and the judgment entered be deemed to have waived his constitutional and statutory right to a trial by jury. Where, as in the instant case, a trial by jury has been demanded, it may be waived only by consent entered of record. *Lipscomb's Admr.* v. *Condon*, 56 W. Va. 416, pt. 17 syl., 49 S. E. 392; *Salzer* v. *Schwartz, supra,* pt. 1 syl. In point 2 of the syllabus of the *Salzer* v. *Schwartz, supra,* this Court held: "Where the defendant in an action at law appears and pleads the general issue and files notice of recoupment, and the case is continued, and when the case is called for trial three years later he is not in the court room either in person or by counsel, it will not be pre-

sumed he has thereby waived his right of trial by jury, and it is error for the court to try the issue in lieu of a jury and render judgment as by default."

We therefore reverse the order of the Circuit Court of Barbour County, entered on July 3, 1953, overruling defendant's motion to vacate and set aside the judgment of June 15, 1953, and remand this case with directions that the Circuit Court of Barbour County sustain defendant's motion, and that further proceedings be had in the action based upon defendant's plea of the general issue and such other pleas as may be proper and the defendant may be advised to file.

*Reversed and remanded with directions.*