138 S.E.2d 719 (1964)
Jerry G. BENNETT
v.
GENERAL ACCIDENT FIRE AND LIFE ASSUR. CORP., Ltd.
v.
Frank LILLY, d/b/a Lilly Ins. Agency, et al.
No. 12325.
Supreme Court of Appeals of West Virginia.
Submitted September 15, 1964.
Decided November 17, 1964.
Lynch & Henderson, G. Berk Lynch, Beckley, for appellant.
Scherer, Bowers, File & Hodson, Beckley, for appellee.
BROWNING, Judge.
Plaintiff, Jerry Bennett, instituted this action against the defendant, General Accident Fire and Life Assurance Corp., Ltd., as the insurer of one Allison, to recover the amount of a judgment previously obtained by plaintiff against Allison for injuries received in an automobile accident. Filed with the complaint as exhibits are: plaintiff's complaint against Allison asking damages of $50,000.00 and which concludes with a demand for a jury trial; the answer filed in Allison's behalf denying negligence and, in the alternative, alleging as defenses contributory negligence and assumption of risk on the part of plaintiff; an order of continuance; an order showing the withdrawal of counsel for Allison; an order reciting the calling of the case for trial on June 11, 1962, the non-appearance of Allison, either in person or by counsel, plaintiff's motion for a default judgment in his favor, the granting of such motion, the impaneling of a jury upon the issue of damages and their verdict in the amount of $35,000.00; and the return of execution on the verdict and judgment stating "No property found. * * *"
Various answers and pleadings were filed by defendant bringing in Lilly and Ramsey as third party defendants and asserting defenses *720 which need not be related here. In the final pleadings both defendants and third-party defendants moved to dismiss the complaint upon the ground that the judgment against Allison on which the instant action is based is void and unenforceable, and it is to the circuit court's ruling, that such judgment "is void and unenforceable and can and has been collaterally attacked in this proceeding * * *" and dismissing plaintiff's action, that this Court granted an appeal on April 6, 1964.
Article III, Section 13 of the West Virginia Constitution provides that "In suits at common law, where the value in controversy exceeds twenty dollars exclusive of interest and costs, the right of trial by jury, if required by either party, shall be preserved; * * *" (Italics supplied.) In implementing this constitutional provision the Legislature, by Code, 56-6-11, as amended, provided inter alia that "The court, in an action at law, if neither party require a jury, or if the defendant has failed to appear and the plaintiff does not require a jury, shall ascertain the amount the plaintiff is entitled to recover in the action, if any, and render judgment accordingly. * * *" Rule 38(a), R.C.P., preserves the right of trial by jury "as declared by the Constitution or statutes of the State". It is clear from decisions of this Court prior to the effective date of the Rules of Civil Procedure that the judgment herein collaterally attacked is void unless the rule laid down in those decisions has been superseded by the Rules of Civil Procedure. The first syllabus point of Matheny v. Greider, 115 W.Va. 763, 177 S.E. 769, held: "The filing of a plea of the general issue is tantamount to demanding trial of the action by jury." This is the second syllabus point of that case: "When a trial by jury has been demanded in an action involving more than $20, the impaneling of a jury to try the issue is a jurisdictional requirement, and a judgment rendered without complying with it is void." The latest decision of this Court to this effect is Armstrong v. Jones, 139 W.Va. 812, 81 S.E.2d 675. To the same effect are other decisions of this Court cited in the opinions of those two cases.
This Court, on October 13, 1959, promulgated and adopted the West Virginia Rules of Civil Procedure for Trial Courts of Record, effective July 1, 1960, the pertinent provisions of which are as follows:
"Rule 38.
"(a) Right Preserved. The right of trial by jury as declared by the Constitution or statutes of the State shall be preserved to the parties inviolate.
"(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.
"* * *
"(d) Waiver. Subject to the provisions of Rule 39(b), the failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided, or a timely motion or request pursuant to Rule 39(b), may not be withdrawn over the objection of any party appearing at the hearing or trial.
"Rule 39.
"(a) By Jury. When trial by jury has been demanded as provided in Rule 38 or a timely motion or request therefor has been made under subdivision (b) of this rule, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded or requested shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation *721 made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the State.
"(b) By the Court. Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court upon motion or request made not later than the placing of the action on the trial calendar shall, or of its own initiative may at any time, order a trial by a jury of any or all such issues.
"(c) Advisory Jury and Trial by Consent. In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or, with the consent of the parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right.
"Rule 55.
"(b) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, judgment by default may be entered as follows:
"(1) Sum Certain. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the court upon request of the plaintiff and upon affidavit showing the defendant's failure to appear and the amount due shall direct the entry of judgment by the clerk for that amount and costs against the defendant, if he is not an infant, incompetent person, or incarcerated convict.
"(2) Other Cases. In all other cases the party entitled to a judgment by default shall apply to the court therefor and shall file with the court an affidavit showing the other party's failure to appear or otherwise defend; but no judgment by default shall be entered against an infant, incompetent person, or incarcerated convict unless represented in the action by a guardian, guardian ad litem, committee, curator or other representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary.
"* * *"
It is apparent from the comment appearing under the applicable rules hereinbefore quoted in Lugar & Silverstein, W.Va. Rules, that it was the intention to abrogate the rule of the Matheny and Armstrong cases and other decisions of this Court to the same effect, but the primary question to be decided in this case is whether such was done by the language used in the pertinent rules. It is obvious that Rule 38 and Rule 39(a) are pari materia and a party litigant may secure a jury trial in three ways: He may under Rule 38(b) "demand a trial by jury" by serving notice in writing upon the other party or parties to the litigation at any time after the commencement of the action but "not later than 10 days after the service of the last pleading directed to such issue" (Italics supplied.); if he failed to demand a trial *722 by jury under the provisions of Rule 38, he may nevertheless by "motion or request" under Rule 39(b) secure a trial by jury if the motion or request is made prior to the placing of the action on the trial calendar; or under Rule 39(c) the trial judge may of his own initiative "order a trial with a jury. * * *" It seems clear from the provisions of these two rules that if a jury trial is not demanded under Rule 38 or secured by "motion or request" under Rule 39(b), or the trial court has not of its own initiative directed a jury trial as provided by Rule 39(c), the issue or issues between the parties to the litigation "shall be tried by the court". Rule 39(b). It will be observed that there is no time limit wherein the trial judge may of his own initiative order a trial by jury and that if such be secured by a party by "motion or request" the only limitation of time upon such action is that it be done prior to the "placing of the action on the trial calendar". If a litigant "demand a trial by jury" for any or all of the issues in the action such litigant must "at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue" serve such demand upon the other party or parties to the litigation in writing and file such as required by Rule 5(d). The plaintiff demanded a trial by jury in his complaint thereby complying with the provision of Rule 38(b) that "Such demand may be indorsed upon a pleading of the party." The defendant did not seek a jury trial by any of the procedures available to him under the provisions of Rules 38(b) or 39(a).
Rule 55(b) provides that judgment by default may be entered against a party against whom judgment for affirmative relief is sought who "has failed to plead or otherwise defend as provided by these rules", and that in such case, if the plaintiff's claim against a defendant is "for a sum certain or for a sum which can by computation be made certain," he can procure from the court judgment therefor without further procedure other than that provided in that rule. However, Rule 55(b) (2), titled "Other Cases.", provides that in all cases other than those provided for in Rule 55(b) (1) "the party entitled to a judgment by default shall apply to the court therefor and shall file with the court an affidavit showing the other party's failure to appear or otherwise defend. * * If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. * * *"
We come now to the consideration of the precise language of Rule 55(b) (2) applicable to this case, the pertinent provisions of which are "If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." (Italics supplied.) That rule further provides that the court may order a hearing "to determine the amount of damages" if in its opinion such is necessary. It is apparent from briefs of counsel that they are in violent disagreement as to the meaning of the language "failure to appear or otherwise defend". The defendant in this case answered the complaint, denied negligence and set up as defenses contributory negligence and assumption of risk. Therefore we must look to the rule to determine how, if at all, judgment by default may be taken against him inasmuch as he did not physically present himself on the day of the trial or have counsel to represent him. This provision of Rule 55(b) (2) is clearly applicable: "If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." (Italics supplied.) Pursuant to this provision, plaintiff caused such notice to be served upon Allison on June 4, 1962, of a motion for default judgment to be made on June 11, 1962. This met the requirement of the rule as to three days notice, and a default judgment *723 could be rendered against Allison unless he was protected by plaintiff's previous demand for a jury trial. It will be noted that Rule 38(d) provides that a demand for trial by jury "may not be withdrawn over the objection of any party appearing at the hearing or trial." (Italics supplied.) This provision thus renders obsolete the principle laid down in Armstrong v. Jones, 139 W.Va. 812, 81 S.E.2d 675, and the other cases heretofore cited to the same effect that where a party has pleaded or appeared, or both, there could be no divestiture of his right to a trial by jury as to liability.
Lugar & Silverstein, W.Va.Rules, pp. 304, 305, 306, use this language and this Court agrees therewith:
"Under prior West Virginia practice waiver of trial by jury was thought of in the terms of Rule 39(a) (1), namely, the record showing in an action at law that the parties had affirmatively waived the right to trial by jury. Also where the defendant had the right to trial by jury by appearance or pleading, the plaintiff alone could not waive trial by jury. Both of these concepts are altered by Rule 38(d).
"Rule 38(d) is different in three respects from the Federal Rule. The first sentence applying to waiver contains an exception made necessary by the altered provision in Rule 39(b) which entitles a party to trial by jury of right, although a timely demand was not made as required by Rule 38, if a motion or request therefor is made not later than the placing of the action on the trial calendar. In the second sentence this provision in Rule 39(b) is also recognized and the other parties are given the same protection against withdrawal of the motion or request under Rule 39 (b) as they have against withdrawal of a demand made under Rule 38. The second sentence in the Federal Rule provides that withdrawal may not occur `without the consent of the parties,' whereas this Rule provides that withdrawal may not occur `over the objection of any party appearing at the hearing or trial.' This change was designed to permit withdrawal of either a timely demand or a timely request or motion for trial by jury, by the parties appearing at the hearing or trial. This would change the past practice of not permitting a plaintiff to waive trial by jury in the defendant's absence at the hearing if by prior appearance or pleading he was entitled to trial by jury.

"Rule 38(d) requires a party to take affirmative action to be entitled to trial by jury. He has waived his right to trial by jury unless he serves a timely demand as required by Rule 38 and files it as required by Rule 5(d) or makes a timely motion or request pursuant to Rule 39(b). If none of the parties seeks trial by jury by timely action under Rule 38 or Rule 39(b), the action is one for the court or nonjury, even though legal issues are involved, and Rule 52 is applicable. * * *
"* * *
"The purpose of the prohibition against withdrawal of demand for trial by jury is discussed under Rule 38(c); it makes it unnecessary for the other parties to demand trial by jury if the demand made covers all the issues for which the other parties desire trial by jury. The purpose is the same for the prohibition against withdrawal of a motion or request under Rule 39(b). On the other hand, if a party does not appear at the hearing or trial, there is no reason that the other parties who are present may not consent to trial by the court sitting without a jury. If a party affected appears at the hearing or trial and objects, the demand, request, or motion cannot be withdrawn; if no party appearing objects, it may be withdrawn. This provision serves to clarify the meaning of Rule 39(a) (1), but in view of that subdivision the procedure there *724 provided should be followed when the parties present have no objection to the withdrawal or, in other words, no objection to trial by the court sitting without a jury." (Italics supplied.)
From the foregoing, it is obvious that plaintiff's demand for a jury trial did not irrevocably inure to the benefit of Allison and a default judgment could be taken by plaintiff in accordance with the provisions of Rule 55(b) (2). The order of the court entered on June 11, 1962, the date on which the plaintiff notified the defendant that he would take the action heretofore stated, shows that there was no appearance by the defendant though thrice solemnly called in open court and that the defendant after filing "an answer to the complaint charged against him, and after having moved for, and been granted a continuance of this case, all by his counsel, failed to further appear and defend the case, and that said counsel for the defendant, after having notified the defendant of their intention so to do, had, by order of this court, subsequently moved for and been granted permission to withdraw as counsel in this case, it is therefore accordingly ordered that default be entered in favor of Jerry Bennett and against Jerry Allison in this cause." The order further recites that upon request of the plaintiff a jury was "drawn to determine the damages, if any, which the plaintiff is entitled to recover against the defendant,".
It is the opinion of this Court that the judgment of June 11, 1962, of the Circuit Court of Raleigh County was valid, there was no appeal therefrom within the statutory period, and it was error for the trial court to dismiss the instant proceeding based thereon upon motion of the defendants. That judgment is reversed and the case will be remanded to the Circuit Court of Raleigh County for trial upon the merits of the case, or such further proceedings as the parties hereto are advised.
Reversed and remanded.