E. A. BALLANGEE *dba*

E. A. BALLANGEE DRILLING CO.

*v.*

EDDIE A. KIRBY

(No. 13756)

Decided July 11, 1978.

*Eddie A. Kirby* pro se.

*David G. Hanlon* for appellee.

PER CURIAM:

Eddie A. Kirby, defendant-appellant, and E. A. Ballengee, plaintiff-appellee, entered into a contract whereby Ballengee agreed to drill a well for oil and gas upon Kirby's leasehold located in Calhoun County, West Virginia. Ballengee agreed, *inter alia*, to the following conditions: he was to be paid $4.50 per foot, payment to

begin after the first 275 feet; the well was to be drilled to such depth as Kirby desired, but not to exceed 2150 feet; he was to conform to and with Kirby's instructions as to drilling the well; the measurement of sand or areas having oil and/or gas pays or shows and of the final depth of the well was to be by steel line, such measurement to be made by him in the presence of Kirby or his authorized representative; he was to run 8-¼″ casing to and on top of Big Diamond Sand and 7″ O.D. casing on the top of the Big Lime formation and about six feet into such formation, and to pull all pipe not needed in the well to produce; he was to keep a careful log of the well on a daily basis; and he was to operate at his own risk and to be liable for such damages as occurred due to any action brought about or due to lack of proper attention by him.

Upon the completion of the well, Kirby paid Ballengee a total of $6,500. Ballengee, however, alleged that he still owed $1,748.60 and, upon his refusal to pay, filed a mechanic's lien and instituted suit thereon for that amount plus interest. Kirby denied that the sum was due and filed a counterclaim alleging damages in the amount of $26,575.00 as a result of the neglect, failure and refusal of Ballangee to perform properly and adequately the written terms of the contract as set out above.

Pursuant to a request by counsel, a pretrial conference was held on September 5, 1973. The trial judge then requested that both counsel prepare and submit a memorandum of law upon the question of whether or not a defendant in a mechanic's lien suit has the right to a jury trial. Ballangee, by counsel, tendered and filed a memorandum directed to such question, and upon consideration of the question and of the argument of counsel, the trial judge on January 5, 1976, denied Kirby's demand for a jury trial.

Shortly after the pretrial conference on November 22, 1973, Kirby's attorney withdrew and was relieved as

counsel in this case. Kirby retained new counsel and proceeded to trial.

After a non-jury trial, the court entered an order dated February 3, 1976, directing Kirby to pay Ballengee the sum of $2,209.08, having found the counterclaim to be wholly without evidence to support the same and that no breach of contract or negligence or carelessness was shown. Kirby then moved the court to set aside the judgment and to grant him a new trial, which motion was denied by the court.

On February 4, 1976, Kirby and his counsel advised the court that it was their mutual desire that his counsel be relieved of any further responsibility in the case, and that Kirby be free to acquire new counsel. Kirby did not retain new counsel and petitioned this Court *pro se* for an appeal from the February 3, 1976, order alleging as error the court's refusal to allow him a jury trial. On September 13, 1976, his petition was granted.

The question of whether a defendant who counterclaims in a mechanic's lien suit is entitled to a trial by jury was subsequently resolved in syllabus point one of *State ex rel. W. Va. Truck Stops, Inc. v. McHugh,* ___ W. Va. ___, 233 S.E.2d 729 (1977) where the Court said: "One who files a counterclaim in response to an action to enforce a mechanic's lien is entitled, under W. Va. Const., Article III, § 13, to a jury trial on the counterclaim where the value in controversy exceeds twenty dollars." This case is "obviously controlling," as Ballengee agrees. Accordingly, since Kirby counterclaimed for damages in excess of $26,000, the trial court erred in denying his request for a jury trial.

*Reversed and remanded.*